**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JULIAN MOZ-AGUILAR,** | **Civil Action No. 21-9633 (SRC)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

**CHESLER**, District Judge:

Presently before the Court is Petitioner Julian Moz-Aguilar's motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255.  (ECF No. 1).  The Government filed a response to the motion (ECF No. 6), to which Petitioner replied.  (ECF No. 9).  For the reasons set forth below, this Court will deny the motion and deny Petitioner a certificate of appealability.

## I.  BACKGROUND

As Petitioner's two claims present purely legal issues, only a brief recitation of the facts of this matter are necessary for the purposes of this opinion.  In September 19, 2013, Petitioner was charged, alongside numerous others, by way of an indictment with engaging in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d), murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1), use and carrying a firearm in during a crime of violence, specifically the murder in aid of racketeering charge, in violation of 18 U.S.C. § 924(c), and causing death through the use of a firearm in violation of 18 U.S.C. § 924(j).  (*See* Docket No. 13-615 at ECF No. 1).  Following a jury trial, Petitioner was found guilty of all four charges.  (Docket No. 13-615 at ECF Nos. 457, 459).  This Court thereafter sentenced Petitioner to three concurrent life sentences on

the racketeering conspiracy, murder in aid of racketeering, and § 924(j) charges, as well as a consecutive 120 month sentence on the § 924(c) charge.  (Docket No. 13-615 at ECF No. 511). Petitioner appealed, and the Third Circuit affirmed his conviction and sentence.  *See United States v. Oliva*, 790 F. App'x 343 (2019), *cert. denied*, 140 S. Ct. 1232 (2020).  Petitioner thereafter filed his current motion challenging his sentence.


## II.  DISCUSSION

### A.  Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence.  Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

**B. Analysis**

**1. No evidentiary hearing is necessary in this matter**

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. Because Petitioner's claims are clearly without merit for the reasons set forth below, no evidentiary hearing is necessary in this matter.

**2. Petitioner's Double Jeopardy claim**

In his first claim, Petitioner contends that his being sentenced for both the use of a firearm in furtherance of a crime of violence pursuant to 18 U.S.C. § 924(c) and for causing death in so doing pursuant to 18 U.S.C. § 924(j) violates the Double Jeopardy claim. Petitioner previously raised a virtually identical claim before the Third Circuit on direct appeal. *See Oliva*, 790 F. App'x at 350. The Third Circuit rejected his claim, finding that he suffered no prejudice and any error was entirely harmless as the alleged error, if anything, benefited Petitioner:

> The Government concedes that although [Petitioner] did not raise [his Double Jeopardy claim] before the district court, the sentence imposed violated the Double Jeopardy Clause because the court should have merged the §§ 924(c) and (j) counts for purposes of [Petitioner]'s judgment of conviction and sentencing.[] To be entitled to relief he must satisfy all four prongs of the plain error

> standard [including that the error prejudiced him, thereby affecting the fairness and integrity of his criminal proceedings]. The Government concedes that the [other] three prongs are satisfied here. However, as [Petitioner] actually benefitted from his failure to raise the double jeopardy challenge at sentencing his claim fails.
>
> [Petitioner] received a mandatory life sentence on the Violent Crime in Aid of Racketeering murder count and a concurrent life sentence for the RICO conspiracy conviction.[] Both sentences were appropriate, proper, and unchallenged. The conviction he challenges – life under § 924(j) – was imposed concurrently with his two other (concurrent) life sentences. [Petitioner]therefore received a total sentence of life plus 120 months' imprisonment. If [Petitioner] had raised a double jeopardy issue, the district court would have merged the § 924(c) count with the § 924(j) count. The merged counts would have resulted in a mandatory *consecutive* life sentence pursuant to § 924(c)(1)(D)(ii). Stated differently, [Petitioner] should have received two *consecutive life sentences*, not three concurrent life sentences and a consecutive 120-month sentence. Accordingly this claim fails.

*Id.*

As explained by the Third Circuit, Petitioner actually benefited from the alleged error – receiving a sentence considerably less than that he should have received had the issue been raised.[1] *Id.* It is thus clear that the alleged error did not have a "substantial and injurious effect" upon the outcome of Petitioner's trial, and that any error was entirely harmless. *See Fry v. Pliler*, 551 U.S.

---

[1] In his reply, Petitioner contends that this Court should find that the Third Circuit erred because he believes it was not *required* that he receive a consecutive life sentence. Even if Petitioner's argument were not barred by the law of the case doctrine and the fact that this Court has no authority to second guess the Court of Appeals, Petitioner is entirely mistaken. 18 U.S.C. § 924(c)(1)(D)(ii) expressly requires that any term of imprisonment resulting from a § 924(c) conviction be *consecutive* to any other term of imprisonment, including any term on the underlying crime of violence. In merging the §§ 924(c) and 924(j) convictions, this Court would therefore have been required to impose the life sentence warranted by § 924(j), and impose it *consecutively* per the terms of § 924(c). Thus the Third Circuit was entirely correct in concluding that, were the two merged, Petitioner would have received a significantly harsher sentence of two consecutive life sentences, and any error was therefore harmless.

112, 115-16 (2007); *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993).  Petitioner is thus not entitled to relief on this claim.

While the harmlessness of the error is sufficient to warrant the denial of this claim, the Court also notes that Petitioner's claim is procedurally barred because his claim was previously raised on appeal.  A § 2255 motion "is not a substitute for an appeal" and therefore cannot "be used to relitigate matters decided adversely on appeal."  *Nicholas*, 759 F.2d at 1075.  As such, § 2255 "may not be employed to relitigate questions which were raised and considered on direct appeal."  *United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir. 1993) (internal quotations omitted); *see also United States v Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) ("issues resolved in a prior direct appeal will not be reviewed again by way of § 2255 motion").  Because this claim was raised and decided on direct appeal, Petitioner is barred from receiving relief under § 2255 even had his claim warranted such relief.  *Travillion*, 759 F.3d at 288.

## 3.  Petitioner's *Davis* claim

In his final claim, Petitioner contends that his conviction under § 924(c) should be vacated because the Supreme Court rejected the residual clause of § 924(c) in its decision in *United States v. Davis*, --- U.S. ---, 139 S. Ct. 2319 (2019).  *Davis*, however, in no way altered the elements clause of § 924(c) which provides that any crime which has "as an element the use, attempted use, or threatened use of physical force against the person or property of another" will be a crime of violence sufficient to support a conviction under § 924(c).  18 U.S.C. § 924(c)(3).  Petitioner's § 924(c) conviction did not arise out of the now invalidated residual clause, but instead from the elements clause of § 924(c) as murder in aid of racketeering (one species of VICAR charge) is

clearly a crime of violence under the elements clause.[2]  As the Third Circuit explained in rejecting Petitioner's argument that murder in furtherance of racketeering was not a crime of violence on direct appeal, murder in aid of racketeering does have as an element the use of force against another, and murder in furtherance of racketeering is categorically a crime of violence under the elements clause of § 924(c) as a result.  *Oliva*, 790 F. App'x at 349-50; *see also Borden v. United States*, --- U.S. ---, ---, 141 S. Ct. 1817, 1830 (2021) ("[t]he quintessential violent crimes, like murder . . . involve the intentional use of force" required to meet the elements clause); *United States v. Woods*, 14 F.4th 544, 553 (VICAR attempted murder charge is a crime of violence under the elements clause of § 924(c)); *Moore v. United States*, --- F. App'x ---, ---, 2021 WL 5264270, at *1-2 (2d Cir. Nov. 12, 2021) (VICAR intentional murder is crime of violence under elements clause).  As Petitioner's underlying crime clearly remains a crime of violence under the elements clause of § 924(c)(3), Petitioner's claim that his conviction must be invalidated in light of *Davis* is utterly without merit.  As both of Petitioner's claims are without merit, his motion to vacate sentence is denied.

---

[2] Petitioner attempts to assert in his brief that his § 924(c) charge arises out of his racketeering conspiracy charge, but he is mistaken.  In their verdict, the jury explicitly and "unanimously f[ou]nd beyond a reasonable doubt that the firearm was discharged during and in relation to the Murder in Aid of Racketeering of Christian Tigsi, as charged in [the murder in aid of racketeering count of the indictment]."  (Docket No. 13-615 at ECF No. 459 at 10).  The jury thus explicitly found Petitioner guilty of violating § 924(c) in the racketeering murder charge and *not* on the racketeering conspiracy charge.  That a racketeering conspiracy charge may not qualify as a crime of violence is thus immaterial to Petitioner's conviction as Petitioner's § 924(c) conviction arose out of his murder in aid of racketeering conviction).

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  As Petitioner's claims are without merit for the reasons discussed above, his motion is not adequate to deserve encouragement to proceed further, and Petitioner is therefore denied a certificate of appealability.


## IV. CONCLUSION

For the reasons stated above, Petitioner's motion to vacate sentence (ECF No. 1) is **DENIED** and Petitioner is **DENIED** a certificate of appealability.  An appropriate order follows.




                                                 s/ Stanley R. Chesler
                                                 Hon. Stanley R. Chesler,
                                                 United States District Judge

                                                 Date:  January 7, 2022